[No. 6001.]
## CREIGHTON v. EVANS.

RIPARIAN RIGHTS.—The right of a riparian owner to have the water of a stream run through his land is a vested right, and any interference with it imports at least nominal damages, even though there be no actual damage.

APPEAL from the District Court of the Thirteenth Judicial District, County of Tulare.

The case was tried by the Court with a jury, and the verdict was for the defendant. Judgment was rendered accordingly. The plaintiff moved for a new trial, which was denied, and he appealed. The other facts are stated by the Court.

*Atwell & Bradley*, for the Appellant, cited the Civil Code, sec. 1422; Angell on Water-courses, pp. 97–109, 135, 450; *Corning* v. *Troy*, 40 N. Y. 191–204; High on Injunctions, secs. 501–512; 1 Addison on Torts, pp. 8, 9, 10–72; Blanchard & Weeks' Leading Cases, pp. 719, 721, 753; *Ferrea* v. *Knipe*, 28 Cal. 340; Sedgwick on the Measure of Damages, pp. 45,

note 2, 148, 153; *Atwood* v. *Fricot*, 17 Cal. 43; *Emery* v. *Owen*, 6 Exch. 353.

E. J. & E. D. *Edwards*, for Respondent.

By the COURT:

It is admitted by the pleadings that the water of Elk Bayou flowed in its natural channel through the plaintiff's land, and that the defendant devoted a portion of the water to his own land for purposes of irrigation, and other purposes. It is not averred that he is a riparian owner, and as such entitled to use any portion of the water. There is nothing in the record to indicate that the defendant was entitled to divert any portion of the water, and the Court properly instructed the jury that the plaintiff was entitled to recover at least nominal damages, even though he had suffered no actual damage. But, at the request of the defendant, the Court also instructed the jury that if the defendant diverted a portion of the water for a useful purpose —such as, for example, for domestic use—and that enough water was left in the stream for the use of the plaintiff for watering his stock, and for domestic purposes, and if the plaintiff was not damaged by the diversion, the verdict should be for the defendants. This was not only contradictory to the first instruction, but is erroneous in matter of law. So far as appears from the record before us, the defendants were not entitled to divert the water for any purpose, and the plaintiff was entitled to at least nominal damages.

Judgment and order reversed, and cause remanded for a new trial.